IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRIS G. NICHOLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-068 |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | |
| incorrectly sued as "CNA Long Term Care | ) | |
| Insurance," | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This lawsuit arises from a claim made by Plaintiff under his long-term care insurance policy issued by Defendant for services received at a skilled nursing facility after Plaintiff suffered a fall in 2021. (See Compl., doc. no. 1-1; Answer, doc. no. 1-2.) Plaintiff alleges Defendant has refused to pay benefits according to the terms of the policy and seeks "recovery of payment as provided under the contract and all other penalty and interest as provided by law." (Doc. no. 1-1, p. 3.) Plaintiff filed this action in the State Court of Richmond County, and Defendant filed a Notice of Removal on May 14, 2024, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 2-4.) There is no specific amount of damages claimed in the complaint or any information provided about the amount of Plaintiff's claim for his stay in the skilled nursing facility. (See generally doc. no. 1-1.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th

Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

The stated basis for satisfaction of the amount in controversy is Plaintiff's conclusory admission that the amount in controversy exceeds $75,000. (Doc. no. 1, p. 3; see also doc. no. 1-5, p. 3.) Thus, it is not facially apparent from the complaint that Plaintiffs' claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

SO ORDERED this 29th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA